UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

PETER PANSE,

                Plaintiff,

-against-

ENLARGED CITY SCHOOL DISTRICT OF
MIDDLETOWN, New York,

                Defendants.

-----------------------------------------------------------x

**ORIGINAL**

**07 CIV. 3689**

07 Civ.  (    )

**COMPLAINT**

**Jury Trial Demanded**

    Plaintiff PETER PANSE, by his attorneys Lovett & Gould, LLP, for his complaint respectfully alleges:

### NATURE OF THE ACTION

1. This is an action for compensatory and punitive damages proximately resulting from Defendant's conduct, engaged in under color of the laws of the State of New York, that violated Plaintiff's rights as guaranteed by reason of the First and Fourteenth Amendments to the United States Constitution, 42 U.S.C. §1983. In that connection Plaintiff seeks related declaratory and injunctive relief.

### JURISDICTION

2. The Court's jurisdiction is invoked pursuant to 28 U.S.C. §1331, 1343, 2201.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

1

## THE PARTIES

3. Plaintiff PETER PANSE is a citizen of the United States, a domiciliary of the State of New York, and a resident of the City of Middletown situated in the Northern Counties. Plaintiff is a highly credentialed art teacher who for years has been employed by the Defendant School District.

4. Defendant ENLARGED CITY SCHOOL DISTRICT OF MIDDLETOWN, New York (hereinafter "District"), is a municipal corporate subdivision of the State of New York, duly existing by reason of and pursuant to the laws of said State. Prior to the events set forth *infra* the District duly enacted as an official governmental policy a personnel rule (Number 6430 of 2005, entitled "**EMPLOYEE ACTIVITIES**") that in pertinent respect provides:

> "**Solicitations by Staff**
>
> Staff members shall not engage in advertising or commercial solicitations on school time, except as authorized by the Superintendent and/or his designee."

(boldface in original). Hereinafter that policy is referred to as "Rule 6430").

## THE FACTS

5. On or about December 16, 2005, the District's Superintendent of Schools filed with the District's Board of Education three disciplinary charges and/or specifications (the first of which, denominated "Charge I, Specification 1" was predicated on Rule 6430) pursuant to Section 3020-a of the New York State Education Law seeking "the maximum penalty to be imposed...termination from employment".

6. In relevant part those charges, approved for prosecution by the District's Board of Education, provided:

"**CHARGE I:**...

"**Specification 1**: On one or more occasions during September – November 2005, you recruited and/or solicited and/or otherwise encouraged students in your 4th period Middletown High School Drawing and Composition class to, in words or substance, participate in a for-profit course you were intending to teach, off of School premises, which was to include among other things, the drawing and sketching of male and female nude models ("the Course").

**Specification 2**: On or about November 14, 2005, while being interviewed about the Course, you falsely represented to District Director for Personnel Ellen Kaplan that, in words or substance, you had on one or more occasions discussed your plans for the Course with Ina Segnit, your Fine Arts Supervisor.

**CHARGE II:**...

**Specification 1**: On one or more occasions during September – November 2005, you recruited and/or solicited and/or otherwise encouraged students in your 4th period Middletown High School Drawing and Composition class to, in words or substance, participate in the Course, despite having previously been directed in writing to, in words or substance, 'avoid making any comments that students could construe as being of a personal

3

or sexual nature. . .or using your position as a teacher to put students into any situation reasonably likely to make them feel uncomfortable because of the injection of sexuality into. . .the substance of your comments."

7. Following the conduct of a disciplinary hearing, a binding arbitral award was issued on or about December 30, 2006, in which Plaintiff was found: guilty of Charge I, Specification 1; not guilty of Charge I, Specification 2; and not guilty of Charge II, Specification 1. That award imposed by way of penalty on Charge I, Specification 1 "a suspension without pay of fifteen work days".

8. Defendant thereafter imposed that penalty and took from Plaintiff pay for fifteen work days.

9. Rule 6430, on its face and/or as applied to Plaintiff:

    a. Vests unfettered authority in the Superintendent of Schools and/or his/her "designee" to prohibit and/or permit commercial solicitation on school time,

    b. Provides no standards, much less objective standards, governing the Superintendent and/or his/her designee's decision-making process by reason of which any such solicitation is to be prohibited and/or permitted, and, *inter alia*,

    c. Vests in the Superintendent and/or his/her designee absolute authority to determine, on a purely subjective basis and without any standards and/or criteria, to prohibit proposed commercial speech solely on the basis of its content.

10. As a proximate result of Defendant's prosecution and conviction of Plaintiff for violating Rule 6430 Plaintiff has been caused to suffer: pecuniary losses; public embarrassment; public humiliation; anxiety; emotional upset; a "break in service" that will adversely affect his retirement benefits; shame; and has otherwise been rendered sick and sore.

## AS AND FOR A FIRST CAUSE OF ACTION

11. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "10", inclusive.

12. Under the premises Rule 6430 as applied to Plaintiff violated his right to due process as guaranteed by the Fourteenth Amendment to the United States Constitution, 42 U.S.C. §1983.

## AS AND FOR A SECOND CAUSE OF ACTION

13. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "10", inclusive.

14. Under the premises Rule 6430 as applied to Plaintiff constitutes an unlawful prior restraint violative of Plaintiff's rights as guaranteed by the First Amendment to the United States Constitution, 42 U.S.C. §1983.

## AS AND FOR A THIRD CAUSE OF ACTION

15. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "10", inclusive.

16. Under the premises Rule 6430 is facially violative of the First and/or Fourteenth Amendments to the United States Constitution, 42 U.S.C. §1983.

WHEREFORE a judgment is respectfully requested:

   a. Declaring Rule 6430 void by reason of its violation of the First Amendment and permanently enjoining its enforcement,

   b. Declaring Rule 6430 void by reason of its violation of the Fourteenth Amendment and permanently enjoining its enforcement,

   c. Declaring unlawful and void Plaintiff's prosecution and conviction on Charge I, Specification 1,

   d. Granting such compensatory damages as the jury may determine,

   e. Awarding reasonable attorney's fees and costs, and,

   f. Granting such other and further relief as to the Court seems just and proper.

Dated: White Plains, N.Y.
       May 5, 2007

LOVETT & GOULD, LLP
By: _____
   Jonathan Lovett (4854)
Attorneys for Plaintiff
222 Bloomingdale Road
White Plains, N.Y. 10605
914-428-8401