UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
PETER PANSE,

                               Plaintiff,

                               **07 CV 3689 (SCR)**
                               **(ECF CASE)**

               -against-

ENLARGED CITY SCHOOL DISTRICT OF
MIDDLETOWN, New York,

                              Defendant.
------------------------------------------------------------------- X

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT'S MOTION TO DISMISS

                           LEWIS BRISBOIS BISGAARD & SMITH LLP
                           *Attorneys for the Defendant*
                           199 Water Street, 25th Floor
                           New York, New York 10038
                           (212-232-1300)

<u>Of Counsel</u>
Peter J. Biging (PB – 9913)

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ……………………………………………………………..ii

PRELIMINARY STATEMENT ……………………………………………………. 1

STATEMENT OF FACTS ……………………………………………………………. 4

ARGUMENT ………………………………………………………………………………. 7

POINT I

THE COMPLAINT HEREIN MUST BE DISMISSED AS IMPERMISSIBLE CLAIM
SPLITTING ………………………………………………………………………………… 7

POINT II

THE COMPLAINT HEREIN FAILS TO STATE A CLAIM FOR WHICH RELIEF
MAY BE GRANTED …………………………………………………………………. 10

A.    Plaintiff Fails To State A Claim For Relief On The Grounds That Rule 6430
Violates His Right To Due Process………………………………………………. 10

B.    Plaintiff  Fails To Allege Facts Sufficient To State Claims Either That Rule 6430,
As Applied To Plaintiff, Constitutes An Unlawful Prior Restraint Or Is Facially
Violative Of The First Or Fourteenth Amendments ……………………………. 14

1.    The Rule Cannot Be Deemed An Unlawful Prior Restraint. ………………… 15

2.    The Rule Cannot Be Established To Be Facially Violative Of Either The
First Or Fourteenth Amendments ………………………………………. 16

CONCLUSION…………………………………………………………………………. 17

# TABLE OF AUTHORITIES

CASES

Allstate Ins. Co. v. Serio, 261 F. 3d 143 (2d Cir. 2001)-------------------------------------------- 12

American Stock Exchange, LLC v. Mopex, Inc., 215 F.R.D. 87 (S.D.N.Y. 2002) ----------------1, 8

Bartley v. Artuz, No. 95 Civ. 10161, 1999 WL 942425 (S.D.N.Y. Oct. 19, 1999) -------------------6

Bay Harbour Management, LLC v. Carothers, 474 F. Supp. 2d 501 (S.D.N.Y. 2007)--------------9

Board of Trustees of State Univ. of N.Y. v. Fox, 492 U.S. 469 (1989)------------------------------ 12

Boyce Motor Lines, Inc. v. United States, 342 U.S. 337 (1952)-------------------------------------- 12

Carlucci v. Kalsched, 78 F. Supp. 2d 246 (S.D.N.Y 2000)-------------------------------------------15, 16

Chambers v. Time Warner, Inc., 282 F.3d 147 (2d Cir 2002)----------------------------------------5

Coleman v. B.G. Sulzle, Inc., 402 F. Supp. 2d 403 (N.D.N.Y. 2005) -------------------------------7, 8

Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42 (2d Cir.1991) ----------------------------------5

Curtis v. Citibank, 226 F. 3d 133 (2d Cir. 2000)---------------------------------------------------------7, 8

Dauber v. Board of Education of the City of New York, 2001 WL 1246581 (S.D.N.Y., Oct. 18,
    2001)------------------------------------------------------------------------------------------------------------ 15

Estates v. Flipside, 455 U.S. 489 (1981) ------------------------------------------------------------------- 12

Garcetti v. Ceballos, 126 S.Ct. 1951 (2006) ------------------------------------------------------ 3, 6, 15

General Media Communications, Inc. v. Cohen, 131 F. 3d 273 (2d Cir. 1997) --------------------- 13

Gordon and Breach Science Publishers S.A. v. American Institute of Physics, 859 F. Supp. 1521
    (S.D.N.Y. 1994)-------------------------------------------------------------------------------------------- 11

Gorran v. Atkins, Inc., 464 F. Supp. 2d 315 (S.D.N.Y. 2006) ----------------------------------------- 11

Graynard v. City of Rockford, 408 U.S. 104 (1972)------------------------------------------------------ 13

Hazelwood School Dist. v. Kuhlmeier, 484 U.S. 260 (1988)) ----------------------------------------- 12

Marchi v. Board of Cooperative Educ. Serv. of Albany, 173 F.3d 469 (2d Cir. 1999)------------ 17

New Phone Co., Inc. v. City of New York, 05-cv-4935, 2007 WL 1452656 (2d Cir. May 17, 2007)------------------------------------------------------------------------------------8

NYC C.L.A.S.H., Inc. v. City of New York, 315 F. Supp. 2d 461 (S.D.N.Y. 2004) -------------- 12

Oparaji v. New York City Dep't of Educ., 03-cv-4105, 2005 WL 1398072 (E.D.N.Y. June 14, 2005)------------------------------------------------------------------------------------8

Panse v. Eastwood, et al., 06 Civ. 6697 (S.D.N.Y.) --------------------------------------------1

Patel v. Searles, 305 F. 3d 130 (2d Cir. 2002) ----------------------------------------------- 10

Patrick v. Allen, 355 F. Supp. 2d 704 (S.D.N.Y. 2005)----------------------------------------5

Pike v. Freeman, 266 F. 3d 78 (2d Cir. 2001) ------------------------------------------------8

Roberts v. United States Jaycees, 468 U.S. 609 (1984) ------------------------------------ 12

Salib v. I.C. System, Inc., 01-cv-1083, 2002 WL 31060368 (D. Conn. July 24, 2002) -------------7

Silano v. Sag Harbor Union Free School District, 42 F. 3d 719 (2d Cir. 1994) -------------------- 12

Spear v. Town of West Hartford, 954 F.2d 63 (2d Cir. 1992)--------------------------------------15, 16

Thomas v. Westchester County Health Care Corp., 232 F. Supp. 2d 273 (S.D.N.Y. 2002) --------6

United Senior Ass'n, Inc. v. Social Sec. Admin., 423 F. 3d, 397 (4th Cir. 2005)-------------------- 13

United States v. Lanieri, 520 U.S. 259 (1997)------------------------------------------------- 13

Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489 (1982)------------- 12

Ward v. Hickey, 996 F. 2d 448 (1st Cir. 1993) ----------------------------------------------- 12

Wimmer v. Suffolk County Police Dept. 176 F.3d 125 (2d Cir. 1999) ---------------------------- 10

World Wrestling Federation Entertainment, Inc. v. Bozell, 142 F. Supp. 2d 514 (S.D.N.Y. 2001) ----------------------------------------------------------------------------------------- 11

OTHER STATUTES

42 U.S.C. §1983------------------------------------------------------------------- 5, 6, 10

Fed. R. Civ. P. 12 (b)(6) -------------------------------------------------------------1, 7

## PRELIMINARY STATEMENT

Defendant Enlarged City School District of Middletown ("Middletown" or the "School District"), by its attorneys Lewis Brisbois Bisgaard & Smith LLP, submits this memorandum of law in support of its motion to dismiss the action herein pursuant to Fed. R. Civ. P. 12(b)(6).

In bringing this suit, while also maintaining a prior, separate action against the School District in Panse v. Eastwood, et al., 06 Civ. 6697 (S.D.N.Y.) ("Panse I"), Plaintiff has engaged in impermissible claim splitting. The claims made in the present complaint (hereinafter "Panse II") are based upon the same common nucleus of operative facts and same transactions or series of transactions forming the basis of those claims made in Panse I. The rule against claim splitting prohibits a plaintiff from prosecuting its case piecemeal, and requires that all claims arising out of a single alleged wrong be presented in one action. And even where plaintiff has identified a new theory to base his claims upon, this doesn't provide a safe harbor for the late, separately filed claims. As discussed in American Stock Exchange, LLC v. Mopex, Inc., 215 F.R.D. 87, 91 (S.D.N.Y. 2002), "a party *must* bring in one action *all legal theories* arising out of the same transaction or series of transactions." (emphasis added).

As with Panse I, Panse II arises from the alleged deprivation of Panse's First Amendment rights resulting from the discipline imposed upon him for violating the School District's rule against advertising or commercial solicitations by staff on school time, except as authorized by the Superintendent (and/or his designee). Just because plaintiff neglected to make facial and as-applied challenges to the District regulations under which he was charged, indefinitely suspended, and later disciplined, in Panse I, does not now entitle the Plaintiff to split his claims and file a second, duplicative Complaint arising from the same exact transactions. Plaintiff's required course was to seek permission to amend his pleadings in Panse I to assert the "new"

claims. He simply cannot and should not be permitted to litigate claims based upon the same common nucleus of operative facts in duplicative, piecemeal litigations.

Putting the fact that this suit constitutes impermissible claim splitting aside, Plaintiff's latest complaint, arising out of the imposition of discipline against him for engaging in commercial speech in the classroom, fails to state a claim upon which relief may be granted in any event. While Plaintiff alleges that the personnel rule in issue, as applied, violated his right to due process, constitutes an unlawful prior restraint, and is facially violative of the First and/or Fourteenth Amendment because it is allegedly vague and subject to interpretation at the whim of the School District Superintendent, the fact is that in considering whether a law or rule is so impermissibly vague as to violate one's right to due process, the question to be answered is whether the rule is so vague that persons of common intelligence must necessarily guess at its meaning and differ as to its application. Here, the rule in question proscribes commonly understood conduct - - "commercial solicitation" and "advertising" during "school time" - - in language which is simple, clear, and unambiguous. As applied here, it simply cannot be said that Plaintiff could not have understood that advertising a fee based art school he was planning to open to his students during class could not reasonably be understood to constitute "commercial solicitation" or "advertising" during "school time." Because Plaintiff has specifically alleged and/or admitted advertising of and soliciting participation by his students, during class time, in an art class he was planning to provide for a fee, he simply cannot allege that the rule in question, as applied to the conduct in question, was so impermissibly vague as to deprive him of the ability to have fair warning that what he was doing was prohibited.

Insofar as Plaintiff purports to allege that the rule, as applied, constitutes an unlawful prior restraint, the fact is that commercial speech, such as the speech in issue here, may be

regulated in the employment setting, and particularly where that employment setting is the classroom. Courts considering the issue have regularly noted that school districts may limit classroom speech to promote educational goals, so long as the limitations are reasonably related to legitimate pedagogical concerns. Where, as here, there are legitimate concerns about what is being commercially solicited or advertised in school before a captive audience, as well as whether students might feel pressured to participate in advertised activities in order to please their teacher and get a good grade, there is no question but that the prohibition against the type of speech in issue here was reasonably related to legitimate pedagogical concerns and, as such, is constitutionally permissible.

Finally, the rule in question clearly cannot be challenged as facially invalid for being over broad, because the rule doesn't prohibit constitutionally protected speech. As noted in <u>Garcetti v. Ceballos</u>, 126 S.Ct. 1951, 1958 (2006), only private speech on a matter of public concern is entitled to constitutional protection. And Plaintiff's speech, as specifically described and identified by Plaintiff in the <u>Panse I</u> and <u>Panse II</u> Complaints, simply cannot be interpreted to fit that definition. It was "commercial speech," not speech on a matter of public concern. Moreover, Plaintiff has admitted that the speech was made pursuant to his job duties, during class, to further the academic interest of the students. As such, it is not "private speech" subject to constitutional protections.

Further, Plaintiff's argument that the rule is subject to interpretation at the whim of the Superintendent is based upon an obvious misreading of the discretion afforded the Superintendent. The rule in issue very clearly prohibits all advertising and commercial solicitation by staff on school time. While the Superintendent is given the authority to grant

exemptions to the rule, he clearly is <u>not</u> granted authority to interpret or define what may constitute "advertising" or "commercial solicitation."

Accordingly, either on the grounds that the Complaint constitutes impermissible claim splitting, or on the grounds that it fails to state a claim for which relief can be granted, it is respectfully submitted that Plaintiff's latest Complaint should be dismissed.

## STATEMENT OF FACTS

This action and <u>Panse I</u> arise from disciplinary action taken by the School District after Plaintiff, an art teacher at Middletown High School, made comments to his Fourth Period Art class that violated School District policy. As noted in the original Complaint, and referenced in connection with the discussion of the charges asserted against him in this latest Complaint, Panse faced disciplinary charges for certain comments he made to his students within the classroom regarding Panse's belief that "a portfolio including sketches of male and female nudes was essential in order for [students] to compete successfully for scholarship money." <u>Panse I</u> Complaint, at ¶ 12; <u>Panse II</u> Complaint, at ¶ 6. To that end, Plaintiff also indicated to his students that "it might be in the students' best academic interests if there were established a local art school where nude drawing would be taught and in that connection he (Plaintiff) was considering establishing such a school." <u>Id</u>.

Based upon the content of this speech, disciplinary charges were filed with the State Department of Education, alleging: that Panse engaged in conduct unbecoming of a teacher in recruiting or soliciting students to participate in a for-profit course during which Panse would teach the drawing and sketching of nude models; that while being interviewed by the District Director for Personnel, Panse falsely represented that he had engaged in prior discussions on the subject with the School's fine arts supervisor; and that Panse recruited, solicited or encouraged students to participate in his planned course despite having been directed to avoid comments that

students could construe as being of a personal or sexual nature or using his position as a teacher to put students in a situation reasonably likely to make them feel uncomfortable because of the injection of sexuality into the communication. Panse I Complaint, at ¶ 15; Panse II Complaint, at ¶6.

In response to these charges, while the disciplinary hearing with respect thereto was pending, on September 18, 2006 Plaintiff filed suit in this Court against the School District and others alleging, inter alia, violations of 42 U.S.C. §1983 on the grounds that the District's retaliatory actions violated Plaintiff's rights to free speech under the First Amendment and equal protection under the Fourteenth Amendment. Panse I Complaint, at ¶¶ 26-30. When the Court learned of the pending disciplinary hearing pursuant to § 3020-a of the Education Law, Panse I was held in abeyance to await the outcome of same.

After a full evidentiary hearing taking place over six days, the hearing officer issued an Opinion and Award, dated December 30, 2006 (the "Award"; Biging Dec., Exhibit "3"). The Award determined that Panse should be suspended without pay for 15 days because the record evidence supported the first specification of the first charge, that Panse had violated School District Rule 6430 by discussing with students in class his proposed for-profit art class without obtaining prior permission to do so.[1]    Panse has not appealed from the Hearing Officer's decision.

---

[1] While on a motion to dismiss the court is typically limited to review of the pleadings, it is generally recognized that courts may consider documents referenced in the complaint, documents in plaintiff's possession, or documents that plaintiff knew of and relied on in bringing suit in ruling on a Rule 12(b)(6) motion (without conversion to a summary judgment motion). Patrick v. Allen, 355 F. Supp. 2d 704, 709 (S.D.N.Y. 2005).   See also Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir 2002) (holding "[w]here plaintiff has actual notice of all the information in the movant's papers and has relied upon these documents in framing the complaint the necessity of translating a Rule 12(b)(6) motion into one under Rule 56 is largely dissipated.") (quoting Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir.1991));

Upon the completion of the § 3020-a hearing and issuance of the Hearing Officer's decision, Panse I proceeded in this Court and a schedule was set for defendants to make motions to dismiss and/or for judgment on the pleadings. Pursuant to the briefing schedule ordered by the Court, motions from all defendants were filed on April 16, 2007. Relevant to the present action, the School District contends that Panse's §1983 claim in Panse I, in which he alleges that the School District violated his First Amendment rights in attempting to discipline him based on his speech, must fail in light of the recent U.S. Supreme Court decision Garcetti v. Ceballos, 126 S.Ct. 1951 (2006), wherein the Court recognized that "when public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes," and therefore cannot later contend that their First Amendment rights were violated when disciplined for such speech.

On May 9, 2007, after the motions in Panse I were fully submitted to this Court, Plaintiff filed the present complaint, Panse v. Enlarged City School District of Middletown ("Panse II"). In this complaint, Plaintiff, again complaining of the disciplinary charges asserted against him, this time focuses his attack upon School District Personnel Rule 6430, the regulation prohibiting commercial speech by staff members during the school day, which Panse was found guilty of violating in the Section 3020-a Disciplinary Hearing discussed above. Panse now claims that Rule 6430 violates 42 U.S.C. §1983 in that as applied to him the Rule violated his right to due

---

Matter of Livent, Inc. Securities Litigation, 148 F. Supp. 2d 331, 367 (S.D.N.Y. 2001) ("a district court may consider the full text of a document partially quoted in the complaint where...[p]laintiffs have notice of the document's contents and the document is integral in drafting the complaint.") (quoting Bartley v. Artuz, No. 95 Civ. 10161, 1999 WL 942425, at *4 (S.D.N.Y. Oct. 19, 1999)). In particular, records of administrative proceedings have been held to be properly considered in the context of ruling on a Rule 12(b)(6) motion. See Thomas v. Westchester County Health Care Corp., 232 F. Supp. 2d 273, 275 (S.D.N.Y. 2002) (holding that the transcript and hearing officer's report from a female civil service employee's disciplinary

process, constitutes an unlawful prior restraint of Plaintiff's free speech rights as guaranteed by the First Amendment, and is facially invalid under the First or Fourteenth Amendments (apparently on the grounds of vagueness and overbreadth) as a means of trying to insulate himself from its effect.

For the reasons discussed below, the School District moves at this time for dismissal of the complaint filed in this action pursuant to Fed. R. Civ. P. 12 (b)(6): (1) on the grounds that it constitutes improper claim splitting in impermissible duplicative actions; and (2) it fails, in any event, to state a claim for which relief can be granted.

## ARGUMENT

### POINT I

### THE COMPLAINT HEREIN MUST BE DISMISSED AS IMPERMISSIBLE CLAIM SPLITTING

It is well-established that a plaintiffs "have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time". Curtis v. Citibank, 226 F. 3d 133, 139 (2d Cir. 2000). The rule against claim-splitting "prohibits a plaintiff from prosecuting its case piecemeal, and requires that all claims arising out of a single wrong be presented in one action". Coleman v. B.G. Sulzle, Inc., 402 F. Supp. 2d 403, 419 (N.D.N.Y. 2005) (quoting Salib v. I.C. System, Inc., 01-cv-1083, 2002 WL 31060368, at *2 (D. Conn. July 24, 2002)). Even where different legal theories may be offered in the second action, this is insufficient to salvage the claims, as the rule requires that a "party *must* bring in one action *all legal theories* arising out of the same transaction or series of transactions". American Stock

---

hearing were permitted in ruling on the defendant's motion to dismiss, though the documents were mentioned only briefly in the Complaint).

Exchange, LLC v. Mopex, Inc., 215 F.R.D. 87, 91 (S.D.N.Y. 2002) (emphasis added); see Coleman supra, 402 F. Supp. at 419.

In the exercise of its discretion, a district court may stay or dismiss a suit that is duplicative of another federal court suit as part of its general power to administer its docket. New Phone Co., Inc. v. City of New York, 05-cv-4935, 2007 WL 1452656 at *1 (2d Cir. May 17, 2007); Curtis, supra, 226 F.3d at 138; Oparaji v. New York City Dep't of Educ., 03-cv-4105, 2005 WL 1398072, *7 (E.D.N.Y. June 14, 2005). Because this action is duplicative of Panse I, the court should exercise its discretion in this instance to dismiss, or in the alternative, stay this action, until a decision on the pending motions to dismiss has been rendered, and the preclusive effect of any ruling rendered by the Court in Panse I can be considered.

The determination of whether a suit is duplicative is informed by whether the claims are based upon a "common nucleus of operative facts." New Phone Co., supra, 2007 WL 1452656, at *2. Whether a claim could have been raised in a prior action depends in significant part on whether the same transaction or series of transactions is at issue, and whether the same evidence is needed to support both claims. Pike v. Freeman, 266 F. 3d 78, 91 (2d Cir. 2001); Coleman supra, 402 F. Supp. 2d at 419; American Stock Exchange, LLC supra, 215 F.R.D. at 91.

Here, the operative facts in Panse I and Panse II are identical: that there was a School District rule in place prohibiting advertising of commercial solicitations by staff on school time except to the extent authorized by the Superintendent (or his designee); that the Plaintiff made statements in his Fourth period art class, which caused the School District to institute disciplinary actions again him; that the disciplinary proceedings were based, in part, upon alleged violations of personnel Rule 6430, which prohibits commercial solicitation or advertisement by staff during class time; and that plaintiff was disciplined, as a result, allegedly

causing him to suffer "pecuniary losses, public embarrassment, public humiliation, anxiety, emotional upset," etc., which conduct Plaintiff claims violated his First Amendment rights.  In each case the same conduct is at issue, the same personnel rule, the same witnesses, the same evidence, the same alleged damages.

Could the claims now made in Panse II have been made in Panse I?  Without question. What happened? Having been found guilty after hearing of violating Rule 6430, and aware that this is absolutely devastating to the claims asserted in Panse I, Plaintiff is trying to find a way to salvage these claims by placing the validity of the rule giving rise to the School District conduct at issue into the mix.  But this just can't be done at this time or in the manner chosen.  Plaintiff's appropriate course would and should have been to seek permission to amend the Complaint submitted in Panse I. He obviously waited too long to do so, with motions to dismiss for judgment on the pleadings already fully briefed pending before the Court.[2]  And he is obviously concerned about the preclusive effect of the Court ruling that the speech in issue was not constitutionally protected speech in deciding the motions before Plaintiff sought permission to amend the Complaint to assert the claims asserted herein.  But the procedural quandary he finds himself in simply is not a basis for splitting claims and bringing separate, duplicative actions, based upon the same transactions/occurrences.

Because each of Plaintiff's causes of action in Panse II could (and should) appropriately have been raised in Panse I, the Complaint in Panse II should be dismissed in its entirety.  In the alternative, the present action should be stayed until this Court has rendered a decision in Panse

---

[2]  As discussed in Bay Harbour Management, LLC v. Carothers, 474 F. Supp. 2d 501, 503 (S.D.N.Y. 2007), allowing a plaintiff to amend his pleadings after full briefing of a motion to dismiss is prejudicial, and should generally be denied because of the manifest unfairness to the defendants and the delay it would cause.

I, at which time the preclusive effect of that holding should be applied to Panse II to determine what claims, if any, survive.

## POINT II

### THE COMPLAINT HEREIN FAILS TO STATE A CLAIM FOR WHICH RELIEF MAY BE GRANTED

A defendant is entitled to dismissal of a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Patel v. Searles, 305 F. 3d 130, 135 (2d Cir. 2002). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the challenged conduct was attributable at least in part to a person acting under color of state law, and that the conduct deprived the plaintiff of a right, privilege or immunity secured by the Constitution or laws of the United States. Wimmer v. Suffolk County Police Dept. 176 F.3d 125, 136 -137 (2d Cir. 1999).

Here, even accepting all of Plaintiff's allegations as true, he can prove no set of facts to support any of his claims against Defendants that the School District's personnel rule Number 6430 of 2005, which prohibits Staff members from "engag[ing] in advertising or commercial solicitations on school time, except as authorized by the Superintendent and/or his designee," is unconstitutional on its face or as applied to him.

### A. Plaintiff Fails To State A Claim For Relief On The Grounds That Rule 6430 Violates His Right To Due Process

As a first cause of action, Plaintiff alleges that Rule 6430 as applied to Plaintiff violated his right to due process because it purportedly:

-   "Vests unfettered authority in the Superintendent of Schools and/or his/her "designee" to prohibit and/or permit commercial solicitation on school time";

- "Provides no standards, much less objective standards, governing the Superintendent and/or his/her designee's decision making process by reason of which any such solicitation is to be prohibited and/or permitted";

- "Vests in the Superintendent and/or his/her designee absolute authority to determine, on a purely subjective basis and without any standard and/or criteria, to prohibit proposed commercial speech solely on the basis of its content".

See Panse II Complaint at ¶9 (a)-(c); ¶ 11.  This clearly fails to state a cause of action for violation of alleged "due process" because it fails to allege either that the Rule was vague or otherwise failed to provide Plaintiff with fair warning that the speech for which he was disciplined was prohibited, or that Plaintiff requested permission to engage in the speech in question and was impacted in any way by the Superintendent's ability to authorize speech which would, absent such authorization, be violative of the rule.  Accordingly, Plaintiff's "due process" claim should be dismissed.

It is well settled that commercial speech (defined as "speech proposing a commercial transaction", World Wrestling Federation Entertainment, Inc. v. Bozell, 142 F. Supp. 2d 514, 525 (S.D.N.Y. 2001), "occupies a subordinate position in the scale of First Amendment values" and is, therefore, afforded a lesser degree of protection than other constitutionally safeguarded forms of expression and may be regulated in ways that might be impermissible in the realm of non-commercial expression. Gorran v. Atkins, Inc., 464 F. Supp. 2d 315, 326 (S.D.N.Y. 2006); World Wrestling Federation Entertainment, supra, 142 F. Supp. 2d at 524; Gordon and Breach Science Publishers S.A. v. American Institute of Physics, 859 F. Supp. 1521, 1537 (S.D.N.Y. 1994).  Accordingly, claims based on commercial speech are not subject to the "most rigorous constitutional scrutiny", as compared to, for example, claims based on political speech.  World Wrestling Federation Entertainment, Inc. supra, 142 F. Supp. 2d at 524.  In fact, the Supreme Court has refused to permit statutes which regulate commercial speech to be challenged on

"overbreadth" grounds, reasoning that such speech is "more hardy, less likely to be 'chilled', and not in need of surrogate litigators". Board of Trustees of State Univ. of N.Y. v. Fox, 492 U.S. 469, 481 (1989); Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 496-97 (1982). See also Allstate Ins. Co. v. Serio, 261 F. 3d 143, 153 n. 16 (2d Cir. 2001).

Moreover, it is also clear that Courts considering the ability of School Districts to place limits on speech in the schools have acknowledged the need on their part for greater flexibility to regulate such speech than other employers, Silano v. Sag Harbor Union Free School District, 42 F. 3d 719, 722 (2d Cir. 1994), and the right to limit classroom speech (such as the speech at issue here) to promote educational goals so long as the limitations are "reasonably related to legitimate pedagogical concerns." Id. (citing Hazelwood School Dist. v. Kuhlmeier, 484 U.S. 260, 266-67 (1988)). In fact, it has been noted that because a teacher's classroom speech essentially becomes part of the curriculum, it is critical to allow school districts to reasonably limit such speech. Ward v. Hickey, 996 F. 2d 448, 453 (1st Cir. 1993).

The rule in issue here, even though specifically targeted to commercial speech and, as applied, related only to speech made by Plaintiff in the classroom, may still be challenged as unduly vague, in violation of due process. However, to succeed, Plaintiff must demonstrate that the rule is "impermissibly vague in all of its applications". Village of Hoffman Estates v. Flipside, 455 U.S. 489, 487 (1981). And, specifically, Plaintiff must allege and establish that the rule is "so vague that persons of common intelligence must necessarily guess at its meaning and differ as to its application." NYC C.L.A.S.H., Inc. v. City of New York, 315 F. Supp. 2d 461, 484 (S.D.N.Y. 2004) (quoting Roberts v. United States Jaycees, 468 U.S. 609, 629 (1984)). To the extent the rule provides nothing more than a "reasonable degree of certainty", that is sufficient, (Boyce Motor Lines, Inc. v. United States, 342 U.S. 337, 340 (1952)), and so Plaintiff

must be able to allege and prove that, in fact, the rule in issue failed to do so in order to prove a "void for vagueness" claim.

Ultimately, the question to be answered is: has it been alleged or can it be established that the rule, statute or regulation in question failed to ensure that individuals of reasonable intelligence were provided fair warning of what is and is not prohibited? See General Media Communications, Inc. v. Cohen, 131 F. 3d 273, 286 (2d Cir. 1997) (citing Graynard v. City of Rockford, 408 U.S. 104, 108 (1972)). See also United States v. Lanieri, 520 U.S. 259, 265 (1997). If not, a claim of violation of due process on the grounds of vagueness simply hasn't/can't be made. And where, as here, a statute, rule or regulation lists "proscribed acts, in clear, common language" using "specific words and phrases in a manner that could not reasonably confuse or deceive the intended audience", a "void for vagueness" claim must fail. United Senior Ass'n, Inc. v. Social Sec. Admin., 423 F. 3d, 397, 408 (4th Cir. 2005).

Looking at the rule in issue in this case, it can be seen that it is incredibly simple, straightforward and easy to understand. "Commercial solicitation" and "advertising" are prohibited on "school time," except where authorized by the Superintendent or his designee. Plaintiff doesn't allege a lack of ability to determine as to whether the phrases "advertising" or "commercial solicitation" might with reasonable certainty be interpreted to include advising students on repeated occasions of the fact that he was planning on providing art classes for a fee, or whether the phrase "school time" should be interpreted to include speech engaged in during class (as this was).[3] In failing to allege vagueness or uncertainty in the reasonable meanings to be given to the rule, its scope, or its application, Plaintiff has failed to allege a viable cause of

---

[3] In the Opinion and Award, dated December 30, 2006, Hearing Officer Joel M. Douglas, Ph.D. notes that Panse allegedly admitted to Personnel Director Ellen Kaplan "that he had repeatedly referred to the nude drawing class during fourth period art class" (Award at 4), and that Student BG "noted that statements were made on at least five to ten different occasions within September and November 2005" (Award at 6).

action based upon the rule being unconstitutionally vague (and thereby violating his rights to due process).

Focusing, instead, upon the fact that there is provision in the rule for the Superintendent (or his designee) to authorize otherwise prohibited conduct at his discretion, Plaintiff tries to argue that the rule's provision of such authority to the Superintendent (or his designee) makes it vague and overly broad. But this argument consciously ignores the fact that the prohibition language of the rule couldn't be clearer, simpler, or more straightforward and readily understandable. And it ignores the fact that Plaintiff never alleges that he sought permission to engage in the clearly commercial speech in question and was misled, confused or otherwise made to feel uncertain as to what was or wasn't prohibited as a result of communications with the Superintendent (or his designee) in this regard. Had Plaintiff made such an allegation, he could, perhaps, argue that he was deprived of due process by a vague or unclear instruction he read into the rule based upon his discussions with the Superintendent (or his designee). But no such contention has been made. And, for this reason, all of the references in the Panse II Complaint to the alleged constitutional deficiencies in the rule caused by its provision of authority in the Superintendent to make exceptions to the rule's clear and unambiguous prohibitions fail to provide a basis for a due process claim.

**B.    Plaintiff Fails To Allege Facts Sufficient To State Claims Either That Rule 6430, As Applied To Plaintiff, Constitutes An Unlawful Prior Restraint Or Is Facially Violative Of The First Or Fourteenth Amendments**

Plaintiff also fails to state claims for which relief can be granted under either his second ("unlawful/prior restraint") or Third ("facially violative") Causes of Action. Insofar as Plaintiff contends that the personnel rule in issue constitutes an "unlawful prior restraint", the fact is that the speech in issue was clearly not protected speech. Plaintiff can't allege unlawful restraint of

protected speech in the abstract; he must allege unlawful restraint of what would otherwise be protected speech. Here, the speech in issue, as speech which was not – and is at no time alleged to have been – made by a private person on a matter of public concern, simply was not protected speech which can provide the basis for an unlawful prior restraint claim. And the rule cannot be deemed facially invalid insofar as, discussed above, it restricts "commercial speech" in schools on "school time" in clear, simple and easily understandable language and, in so doing, places reasonable restrictions on speech in the schools based upon legitimate pedagogical concerns (such as, as here, the concern that students should not be placed in a situation when they may feel pressured to engage in a fee based program outside of school in order to get a good grade).

### 1. **The Rule Cannot Be Deemed An Unlawful Prior Restraint**

In order to succeed on a claim that a person faced or faces an unlawful prior restraint, he needs first to establish that the speech at issue is protected. "The mere subjective sense that one's speech is chilled, without evidence of actual chilling," is insufficient. Dauber v. Board of Education of the City of New York, 2001 WL 1246581, at *3 (S.D.N.Y., Oct. 18, 2001) (quoting Carlucci v. Kalsched, 78 F. Supp. 2d 246, 254 (S.D.N.Y 2000)); see also Spear v. Town of West Hartford, 954 F.2d 63, 67 (2d Cir. 1992) (the "naked assertion of a chill" did not suffice to defeat a Rule 12(b)(6) motion).

As discussed more fully in the memorandum of law submitted by the School District in support of its motion to dismiss the Panse I Complaint, the fact is that the "speech" in issue here is speech Plaintiff engaged in which is not and cannot be claimed to have been speech he engaged in as a "private citizen" speaking upon a matter of "public concern."

As discussed by the Supreme Court in Garcetti v. Ceballos, 126 S. Ct. 1991 (2006), unless an employee can first be said to have spoken as a private citizen on a matter of public

concern, he has no First Amendment Cause of Action based upon his or her employer's reaction to the speech. <u>Garcetti</u>, 126 S. Ct. at 1958. Here, Plaintiff admits in his <u>Panse I</u> Complaint (and the §3020 – hearing records incorporated by reference) that the speech in issue was engaged in as part of his duties as a teacher at the Middletown high school. He admits that the speech in question was engaged in for the "best academic interests" of the students (Panse I Complaint at ¶ 12) during his fourth period art class (see the §3020-a Award, at 7).

As speech which was made by a public employee pursuant to his official duties, it simply cannot give rise to a free speech violation claim. And as Plaintiff cannot identify protected speech that was or might be said to be "chilled" by the rule in issue, he simply cannot make out an "unlawful prior restraint" claim. See <u>Spear</u>, <u>supra</u>, 954 F.2d at 67; <u>Carlucci</u>, <u>supra</u>, 78 F. Supp. 2d at 254.

### 2.    The Rule Cannot Be Established To Be Facially Violative Of Either The First Or Fourteenth Amendments

Similarly, Plaintiff's cause of action based upon alleged facial violation by the rule of the First and/or Fourteenth Amendments cannot be established because the rule is clearly <u>not</u> facially invalid.

While rules, statutes, regulations, etc. can be deemed facially invalid insofar as they are vague or overbroad, the fact is that, for the reasons discussed above, there is simply no way to find that Rule 6430 is unconstitutionally vague. And while Plaintiff could theoretically argue that the Rule was overbroad to the extent it placed unfettered discretion in the Superintendent or his designee to determine if speech was violative of the rule, that is <u>not</u> what the Rule provides for. Very simply and clearly, the Rule prohibits "advertising" or "commercial solicitations" on "school time." Period. While it authorizes the Superintendent (or his designee) to grant exemptions to conduct which would otherwise be violative of the Rule, this does not mean that

the Superintendent (or his designee) is permitted to interpret what is or is not speech constituting

"advertising" or "commercial solicitation." It simply means that he can choose, in his discretion,

to authorize advertising or commercial solicitation on school time in instances he feels it may be

appropriate to do so. In other words, it allows for the Superintendent (or his designee) to permit

exceptions, without enlarging, modifying, or in any way changing or altering the contours of the

Rule.

Because the Rule is clear, simple and easily understood, and <u>not</u> subject to expansive

interpretation, application or construction by the Superintendent (who can only in specific

instances choose to authorize conduct which would otherwise be violative of the Rule), it cannot

be deemed to be either unconstitutionally vague or overbroad. <u>See e.g.</u> <u>Marchi v. Board of</u>

<u>Cooperative Educ. Serv. of Albany</u>, 173 F.3d 469 (2d Cir. 1999).

## CONCLUSION

For the reasons discussed above, Plaintiff's complaint should be dismissed in its entirety

or, in the alternative, stayed until a decision has been rendered on the pending motions to dismiss

in <u>Panse I</u>.

Dated: New York, New York
        July 9, 2007

                                        Respectfully submitted,

                                        **LEWIS BRISBOIS BISGAARD & SMITH, LLP**
                                        Attorneys for Defendant

                    By:     _____
                                        Peter J. Biging, Esq. (PJB 9913)
                                        199 Water Street, 25th Floor
                                        New York, New York 10038
                                        (212) 232-1300

TO:    Jonathan Lovett, Esq.
        Lovett & Gould, LLP
        *Attorneys for Plaintiff*
        222 Bloomingdale Road, #304
        White Plains, New York 10605
        Fax:  (914) 428-8916

4850-1585-4337.1